# Baker *v.* Maxwell *et al.*

*Bill in Equity to rescind Contract.*

1. *Fraudulent misrepresentations; averments in bill to rescind contract.*—When a bill, filed to rescind the sale of land, on the ground of fraudulent concealments and misrepresentations, sets forth facts showing the particular concealments and misrepresentations relied on, and avers that these misrepresentations were as to matters material, and not the mere expression of opinion of the defendant, and that complainants were induced thereby to enter into the contract, its averments are sufficient in this regard to justify the relief asked.

2. *Same; executed contract can be rescinded therefor.*—A misrepresentation by one of the parties to a contract of sale, in regard to a material fact which operated as an inducement to the other party, upon which he had a right to rely, and by which he was actually deceived and injured, is a fraud, and confers upon him the right to avoid the contract, although wholly executed, if the attempt is seasonably made.

3. *Averments of bill to rescind contract.*—A bill to rescind a contract, whereby the complainants conveyed to defendant certain lands, in consideration of the transfer to them of certain mortgages, on the ground of misrepresentation by defendant as to the title of the mortgagors to the realty, and the existence of the personalty at the time of the mortgage, need not negative the solvency of the mortgagors, nor aver that the debts secured by the mortgages were not enforceable otherwise than by the foreclosure of the mortgages.

4. *Same.*—A bill filed to rescind a contract for fraudulent misrepresentations, which alleges that said misrepresentations were as to material facts, and were conducive to the transaction, is not demurrable on the ground that the representations were not such as the complainants had a right to rely upon, since they might, by the exercise of diligence, have ascertained their falsity.

5. *Same; transfer to third party.*—If, in a bill to rescind a contract, whereby complainants conveyed to defendant certain land in consideration of the transfer to them of certain mortgages held by the defendant, on the ground of fraudulent misrepresentations as to the property conveyed in said mortgages, it is shown that the complain-

[Baker v. Maxwell et al.]

ants assigned such mortgages for value and without recourse to a third person. and afterwards accepted a re-assignment without recourse on such third person, the complainants are not entitled to the relief prayed for, unless the bill further avers such facts as imposed a legal or equitable obligation on the complainants to accept such re-assignment.

6. *Same; complainants' knowledge of the falsity of the representations.*— If it is not alleged in, or inferrible from, the averments of the bill, that the complainants knew the falsity of the representations at the time of the transfer by them to such third person, they are entitled to the rescission of the contract, notwithstanding by such assignment of the mortgages, the alleged fraud was condoned, the transaction infected by it ratified, and the complainants may have been guilty of *laches* in the institution of their-suit.

APPEAL from Chancery Court of Tuscaloosa.

Heard before the Hon. THOS. COBBS.

· On March 29, 1889, Charles M. Maxwell and J. W. Sanders filed their bill of complaint against C. C. Baker ; and sought to have rescinded a contract of sale, entered into between the complainants and the respondent on June 21, 1889. The contract, the rescission of which is prayed for in said bill, was that the complainants, who were the owners of a lot designated as lot No. 46 in the town of Tuscaloosa, conveyed unto the respondent, Baker the said lot, in consideration of the said Baker transferring to them three certain mortgages as follows : One from T. B. Jones and wife to C. C. Baker, upon certain real and personal property, and the other two to C. C. Baker from T. B. Jones and C. C. Jones, respectively, upon certain personal property.

The ground upon which the complainants ask for relief is the fraudulent concealment and misrepresentation as to the title of the property conveyed in the mortgages. The bill avers that at the time the complainants executed to said Baker their deed of conveyance to the lot No. 46, and before delivering said deed, the said Baker assured them, "that it was not necessary that they should examine into the title · to the lands mentioned in the mortgage of T. B. Jones, and his wife, F. E. Jones, to said C. C. Baker, as shown by exhibit C., for he, (said Baker) himself had investigated said title, and that said T. B. Jones had, at the time he executed said mortgage, shown by exhibit C., to said Baker, a good and perfect title to said lands therein conveyed. Orators further state and charge that upon the faith of these representations made to them by said Baker, they conveyed to him lot No. 46, in the city of Tuscaloosa, and received as payment therefor said mortgages, as shown by Ex. C., Ex. D. and Ex. E.; and orators further state and charge that relying on the state-

[Baker v. Maxwell et al.]

ments as to the title to the lands conveyed in the mortgage marked Exhibit C., which were so positively made to them by said Baker, they allowed said Baker to transfer said mortgage to them without recourse on him; and orators state that they would themselves have investigated the title to the said lands conveyed in the mortgage marked Exhibit C. before executing to said Baker their deed of conveyance to the lot No. 46, and would have required said Baker to guarantee to them the payment of the amount said mortgage was given to secure, had it not been for the false and fraudulent representations then made to them by said C. C. Baker; and orators state that they believed to be true said representations then made to them by said Baker, and said representations were the inducement which caused orators to convey lot No. 46 to said Baker, as aforesaid; and orators state and charge that the representations made to them by said Baker as aforesaid were as to a material fact; were made with the intent on the part of said Baker, that they should be acted upon by orators; were made intentionally, and by design to defraud orators, with the knowledge on the part of said Baker, that they were false."

By amendment the bill also averred that some of the personal property described in, and purported to be conveyed by, the mortgages, was, at the time of the transfer to the complainants, dead, and a large portion of it was inserted in the mortgage after its execution; that these facts were known to the respondent, Baker, at the time of said transfer, and that notwithstanding this knowledge he falsely and fraudulently represented that the mortgages did, in fact, convey the personal property described in them, and fraudulently withheld from the complainants the truth in reference to said personal property. It is shown by the endorsements on each of the three mortgages, which were made exhibits to the bill, that on July 31, 1888, the complainants transferred them to the J. Snow Hardware Company without recourse, and that on March 15, 1889, the J. Snow Hardware Company re-transferred them to the complainants without recourse.

The respondent demurred to the bill, on the grounds:

1st. That the allegations of the bill are not sufficient to warrant the relief prayed for, as they are averments of the opinion of the pleader, and are conclusions of the pleader.

2d. The contract which is sought to be rescinded is wholly executed.

3d. There is nothing in said bill going to show that the complainants could not, at any time have taken

[Baker v. Maxwell et al.]

possession of the property conveyed in said mortgage, or that the mortgagors were never in possession of said lands.

4th. The bill fails to aver that the complainants have been or might be put to expensive law suits in collecting any or all of said notes, or that they have ever attempted to collect said notes or foreclose said mortgages, and that there are no averments that said mortgagors had ever refused to pay said notes, or surrender all of the property conveyed in said mortgages, and that, therefore, it is shown by said bill that the complainants have never, except by their own negligence, been injured by said transfer of said mortgages to them by defendant.

5th. Because the bill, and the exhibits thereto, show that the complainants were not the legal owners of said notes and mortgages, but had, without consent of the defendant, transferred said notes and mortgages to the J. Snow Hardware Company, without recourse on them, before the maturity of said notes and mortgages, thereby placing themselves in the condition in which they could not collect the debts, and that the complainants by said transfer received the full value of said notes and mortgages.

6th. The said bill and exhibits thereto show that long after the maturity of said notes, and the arrival of the law day of the mortgages, the complainants by their own acts, and without the consent of the defendant, re-purchased said notes and mortgages from the J. Snow Hardware Company, which were transferred to them without recourse, and that this transfer to them was made after the complainants learned of the alleged imperfection of title of the mortgagors.

Upon the submission of the cause, upon the demurrers, the chancellor decreed that the same were not well taken, and overruled them. The respondent brings this appeal, and assigns as error the decree of the chancellor.

WOOD & WOOD, and J. J. MAYFIELD, for appellant.—(1.) The bill is without equity, because it seeks to rescind a contract which is wholly executed on both sides.—*Overdeer v. Wiley*, 30 Ala. 709; 1 Story. Eq. Jur., §§ 191–204. (2.) The bill is without equity, because it shows that the complainants ratified and confirmed the said contract after they discovered the alleged fraud.—*Foster v. Gressett*, 29 Ala. 393; *Thompson v. Lee*, 31 Ala. 292; *Griggs v. Woodruff*, 14 Ala. 9; *Kern v. Burnham*, 28 Ala. 428; Bishop on Contracts, 683. (3.) Mere averment of fraud in the bill is not sufficient to justify the relief sought. The facts averred were a mere

36

[Baker v. Maxwell et al.]

expression of opinion.—*Davis v. Betts*, 66 Ala. 206; *Flew-ellen v. Crane*, 58 Ala. 627; *Morgan v. Morgan*, 68 Ala. 80; *McHan v. Ordway*, 76 Ala. 347; *Tabor v. Peters*, 74 Ala. 90; *Penny v. Jackson*, 85 Ala. 67.

FOSTER & JONES, *contra*.

McCLELLAN, J.—The present bill seeks a rescission of a contract made between Maxwell and Sanders of the one part and C. C. Baker, whereby the former conveyed to the latter a certain parcel or lot of land, the consideration being the transfer of three certain mortgages held by Baker to the grantors; and to have Baker decreed to reconvey the land to Maxwell and Sanders, the complainants, upon a re-transfer and surrender of said mortgages to Baker, which they offer to do. The grounds upon which this relief is prayed are laid in the bill to be fraudulent concealments and mis-representations of Baker as to the property nominally cov-ered by the mortgages and as to the title of the mortgagors to the lands embraced in one of them; and that complain-ants were induced by such concealments and misrepresenta-tions to convey the lot to respondent and take the mortgages in payment therefor. These averments need not be here stated or discussed in detail. They set forth facts, the par-ticular concealments and misrepresentations relied on, and that complainants were influenced to convey the land by them. They are clearly not the mere conclusions of the pleader. The concealments charged were material, and, if fraudulent, as is directly charged and as is inferable from the facts directly charged, and inducive to the transaction, they are vitiating. The misrepresentations alleged were as to matters of material fact, and not the mere expression of opinion on the part of the defendant. The averments are entirely adequate, if proved, to entitle the complainants to the decree they ask so far as that relief depends upon the fraud of Baker. The demurrers which proceed on the con-trary assumption were, therefore, properly overruled.—*Henry v. Allen*, 93 Ala. 197, and cases cited.

2. But other demurrers are in the nature of confessions and avoidance. Conceding the fraud charged and that it conduced to the result complained of, one position advanced by the demurrers is, that no relief can be had on this bill because the contract became and was an wholly *executed* one, in that complainants had made an absolute conveyance of the land to the defendant and the latter had fully paid the agreed consideration by transferring and delivering the

mortgages to the vendors, reciting in the endorsement of transfer that it was without any recourse whatever on him. The fullest concession of the executed character of the contract will not help the appellant. No contract can ever stand against an assault, seasonably made, on the ground that the fraud of one of the parties induced the other to enter into it, merely because every thing contemplated by it has been fully done. No transaction can be closed against the vitiating consequences of actual fraud leading to its consummation, if the aggrieved party is diligent in his attack upon it. It was long ago decided by this court, in line with the universally prevailing doctrine, that "a misrepresentation by a vendor of land, in regard to a material fact, which operated as an inducement to the purchase, upon which the vendee had a right to rely, and by which he was actually deceived and injured, is a fraud, and confers upon him the right to avoid the contract, whether executory or executed," *Foster v. Gressett*, 29 Ala. 393; and there are many cases in our reports where this doctrine has since been acted on without question.

3. The contract having been entered into and the lot conveyed by complainants upon the consideration of a transfer of the mortgages to them, it is immaterial whether the bill negatives the solvency of the mortgagors or not, or whether it avers that the debts purporting to be secured by the instruments were not enforceable aside therefrom. The complainants were entitled to receive precisely what they contracted for—mortgages on the property described in these papers; and if, as alleged in the bill, the mortgages they did receive, though nominally embracing the property, were of no value as to the land because the mortgagor had no title thereto, and of insignificant value as to the personalty because a part thereof was no longer in existence, and other part had been inserted therein by the mortgagee without authority after execution, and by the false representations and concealments charged in the bill against defendant they were led to believe that the title to the realty was good, and that all the personalty was existent and efficaciously covered by the mortgages, and were induced by these fraudulent misrepresentations and concealments to exchange and convey their land for the mortgages, they were entitled to the rescission they seek whether or not the debts mentioned in the instruments could be collected apart from them. Of course, if these debts have been collected by the complainants that would be matter for answer, and would be a complete defense to the bill. But complainants having stipulated for

the transfer of a debt secured in a particular way, and enforceable by a summary and inexpensive sale under a power, this *security* being the inducement to the contract, it is no answer to their present claim for the defendant to say that, although by my false representations and concealments I have fraudulently induced you to part with your property on a worthless security, when the expressed stipulation was for a security of a particular valuable kind, yet, if you can in the end collect the debt by resorting to other, more expensive and less expeditious remedies than that for which you specially contracted, you must do so; and my fraud is innocuous. Aside from these considerations, we may remark that if this were a good defense at all, it would have to be made by answer since the bill does not disclose that the debt has been or could be made by other process than the foreclosure of the mortgages, and the presumption would be, in the absence of anything to the contrary, that the debts are not collectible apart from the mortgages. And, moreover, it may be further stated here that the bill does aver the insolvency of the makers of two of the three mortgages complainants contracted for, and even 'were the position of defendant in this connection a sound one, the complainants would still, so far as this question is concerned, be entitled to the relief prayed, notwithstanding the sum recovered by the other mortgage—about one-third of the whole—might be realized by suit on the note.

4. The further contention of the appellant, that the representations made were not such as complainants had a right to rely upon, but that to the contrary it was open to them to ascertain their falsity, and that they were lacking in that diligence which the law required of them in the premises in failing to make the necessary investigation, is without merit. This is manifestly true in regard to the alleged representations as to the personalty, since it does not appear by the bill that complainants had any means of knowing or ascertaining whether they were false or not; and, moreover, these representations were such that complainants had a right to rely upon them unless they knew—not merely had an opportunity of informing themselves—that they were untrue.—*Henry v. Allen*, 93 Ala. 197.

With respect to the alleged false representations as to the title to the land embraced in the mortgage, the same doctrine obtains. The representations alleged, being material and conducing to the transaction, are vitiating notwithstanding the complainants might, by the exercise of diligence, have ascertained their falsity. They were representations of fact

and not mere expressions of opinion. The defendant assured the complainants as a fact that the mortgagor at the time of executing the instrument had title to the land, and he even went so far as to give them the means and sources of his information—not opinion—to that effect, stating that he, the defendant, had examined the records of land titles and therefrom ascertained the fact to be as he represented it. On this state of case complainants were under no duty to enquire further: they had the right to rely and act on defendant's statements as true notwithstanding the opportunity was afforded them by an examination of public records to ascertain to the contrary.—*Woodbury v. State,* 69 Ala. 242; *Griel v. Lomax,* 94 Ala. 641.

5. It appears from the endorsements on each of the mortgages, all of which are made exhibits to the bill, that soon after they were transferred by Baker to the complainants, the latter for value transferred and assigned them to the J. Snow Hardware Company without recourse, and that several months afterwards said company transferred and assigned them for value and without recourse back to the complainants. It is insisted through the demurrers that these facts are fatal to the relief now sought, for that by the sale for value and transfer of the mortgages to the hardware company the complainants realized all they were entitled to receive out of the mortgages, and hence have not been injured by the original transaction between them and the defendant, and that if the securities are in fact valueless and complainants are damaged in consequence, their loss is not referable to any loss of the defendant, but to their own improvidence in repurchasing the mortgages from their own assignees, a transaction to which the defendant was a stranger and with which he had nothing to do. If the assignment and transfer by complainants to the Hardware Co. was for value and without recourse, and nothing was then said or done by the assignors which, notwithstanding the stipulation against recourse, would entitle the assignees to a rescission of the contract, or render complainants liable to an action of damages, as would be the case, for instance, if the complainants, relying upon, repeated on their own responsibility, the assurances which the defendant gave them in the original transaction, and thereby induced the Hardware Co. to buy the mortgages, if, in short, there was no enforceable legal or equitable obligations resting on the complainants to accept a re-transfer of the mortgage from the Hardware Co., and they did repurchase and accept a re-transfer thereof, they are damnified not by the original

[Terry v. Birmingham National Bank.]

fraud of Baker—against that they on the case supposed fully recouped themselves by the sale for value to the Hardware Co. — but by their own voluntary act in repurchasing from and paying value to their own transferee. This is the case presented by the bill in its present shape, and upon it the complainants are not entitled to the relief prayed. To give the bill equity in this respect there should be averment of facts which impose an enforceable duty on the complainants to repurchase the mortgages, or a liability on them in damages in respect of the transfer to the company notwithstanding the stipulation against recourse. The demurrer which went to this point should have been sustained.

6. The assignment of the mortgages to the hardware company was such dealing with them, such an affirmance of right to them, on the part of the complainants as would amount to a reaffirmance and ratification of contract between them and the defendant, the conveyance of the lot to the defendant and his transfer of the mortgages to them, and would preclude all relief they might otherwise have been entitled to on account of the alleged fraud of the defendant, *if at the time this transfer was made* by them *they knew* the falsity of the representations and the fact of the fraudulent concealments which are alleged in the bill, but not otherwise. This knowledge on their part at that time is not alleged in, and is not inferable from the averments of, the bill. Moreover, it does not appear from the bill that complainants had knowledge of the fraud alleged to have been practiced upon them at any time before bill filed. Hence the positions of the demurrant, that the fraud alleged had been condoned and the transaction infected by it ratified, and that complainants have been guilty of laches in the institution of this suit, are all and alike untenable.

For the error pointed out above the decree of the Chancery Court is reversed. The cause is remanded.