# Smith *v.* Roney.

## *Ejectment.*

(Decided May 1, 1913. Rehearing denied June 5, 1913.
62 South. 753.)

1. *Equity; Foundation.*—The system of equity jurisprudence is founded to supplement the law and furnish remedies for wrongs which the law cannot remedy because of the inflexibility of its rules.

2. *Same; Jurisdiction.*—Where the court of equity has general powers to grant certain relief invoked, such as to cancel an instrument because void, and a respondent does not demur, but answers and submit himself to the general jurisdiction of the court, the relief sought would be granted, notwithstanding the bill might show that complainant had a plain and adequate remedy at law.

3. *Cancellation of Instrument; Jurisdiction.*—Equity has a general jurisdiction to cancel void instruments affecting title to lands, which do not appear upon their face to be void.

4. *Same; Defenses; Possession of Complainant.*—Where a complainant is not in possession of land, equity will, as a general rule, refuse to entertain bills to cancel instruments affecting title to the land, as in such cases complainant has an adequate remedy at law, but such jurisdictional matter may be waived by answering the bill without objection on that ground.

5. *Appeal and Error; Assignment; Joint.*—A joint assignment of error as to several distinct rulings is not sustained if any of the rulings complained of were correct.

6. *Judgment; Pleading; Sufficiency.*—A replication setting up that a certain decree was rendered in a former suit brought by this complainant against this defendant cancelling a mortgage and a sale thereunder of the land in controversy, and then showing that no such decree was in fact rendered, was demurrable.

7. *Same; General Issue; Proof.*—Under the general issue in ejectment defendant could show that while complainant was out of possession she filed a bill in chancery to cancel a mortgage given on the land, and a sale thereunder, on the ground that the mortgage debt was not hers, and that this defendant answered said bill, and that final decree was rendered against plaintiff.

Appeal from Macon Circuit Court.

Heard before Hon. S. L. Brewer.

Ejectment by Mrs. M. L. Smith against Mrs. M. L. Roney. Judgment for defendant and plaintiff appeals. Affirmed.

MARK D. BRAINARD, and G. S. RODGERS, for appellant. The ground of objection that the mortgage was the debt of the husband is a valid objection at law rendering the mortgage absolutely void upon proof of that fact.—*Price v. Cooper*, 26 South. 238; *Richardson v. Stevens*, 122 Ala. 301. The court therefore erred in overruling demurrers to the pleas setting up res adjudicata. Jurisdiction is not conferred by consent, and want of it is a matter which may always be set up against a judgment when any benefits are claimed under such judgment.—*Williamson v. Berry*, 8 How. 683. The court erred in overruling the replications.—*Hudson v. Hudson*, 20 Ala. 364; *Harper v. Raisin F. Co.*, 158 Ala. 337.

OSCAR S. LEWIS, for appellee. The judgment of a court of competent jurisdiction rendered on the merits as between the parties is final and conclusive as to the matter in controversy, so long as it remains unreversed.—*Tankersley v. Pettis*, 71 Ala. 179; *Glasser v. Myrovitz*, 119 Ala. 152. The decree was res judicata against plaintiff although the bill failed to show that complainant was in possession at the time it was filed. —*Penny v. B. & A. M. Co.*, 132 Ala. 357. The record of the proceedings in the chancery court is admissible in evidence.—*Collier v. Alexander*, 142 Ala. 422. The inquiry is not what the parties actually litigated, but what they might and ought to have litigated in the former suit.—*Wood v. Wood*, 134 Ala. 557; 150 Ala. 468; 150 Ala. 477; 147 Ala. 439; 71 Ala. 179; *Kelly v. Griffin*, 165 Ala. 309. The court had jurisdiction, the answer put in issue the allegations of the bill, a decree was rendered denying relief, and is final between the parties.—Authorities supra. There was no error in overruling the replication.—*Bridges v. T. C. & I.*, 109 Ala.

287. In any event, some of the replications were bad, and hence, the joint assignment was not sustained.—*Millikin v. Maughn,* 110 Ala. 332. If there was error in the rulings on the pleading, it was without injury, since the only true issue in ejectment is not guilty.—*Boones v. Riley,* 171 Ala. 657. A plea of nul tiel record should be verified.—*Williams v. Spears,* 11 Ala. 138.

DE GRAFFENRIED, J.—This was an action of statutory ejectment and was brought by the plaintiff, Mattie L. Smith, against the defendant, M. L. Roney, for the recovery of certain lands in Macon county. There was a judgment for the defendant, and the plaintiff appeals.

1. It appears that on August 2, 1898, the said Mattie L. Smith, who is the wife of Lorenzo D. Smith, executed and delivered unto the British & American Mortgage Company, Limited, a mortgage on the lands described in the complaint in this case, to secure, according to the recitals of the mortgage, the payment of an indebtedness of $700 owing by said Mattie L. Smith to said mortgage company. The mortgage contained the customary power of sale upon default in the payment of the mortgage indebtedness or parts of it, and on the 5th day of March, 1900, under the power contained in the mortgage, the mortgage company sold the lands, and the defendant, Mrs. M. L. Roney, bought the lands at the sale, and the mortgage company made her a deed, under the authority contained in the mortgage, to the said lands as such purchaser at said mortgage sale. In the early part of the year 1901 Mrs. M. L. Roney went into the possession of the said lands under her said deed, and since that time has been in possession of the lands claiming them as her own under the said deed, as such purchaser at said mortgage sale. On the 23d day

of July, 1902, *after* said sale and purchase by Mrs. Roney, and *after* Mrs. Roney had taken possession of the lands as above stated, and *while* Mrs. Roney was in possession of the lands, and *while* Mrs. Smith was *out* of the possession of the said lands, the said Mrs. Smith, plaintiff in this case, filed a bill of complaint in the chancery court of Macon county against Mrs. Roney, the defendant in this case. In her said bill of complaint the said Mrs. Smith alleged that the said mortgage was given to secure, not *her* debt, but that it was given to secure the debt of her husband, Lorenzo D. Smith; that the mortgage was therefore *void*; that the sale under the power had thereunder and the purchase by Mrs. Roney at said sale were also void; that Mrs. Roney laid no claim to the land except as a purchaser at said sale, and in her said bill of complaint the said Mrs. Smith prayed that the said mortgage and the conveyance made by the mortgage company to Mrs. Roney under the circumstances as we have above stated them, be declared to be null and void and that they be canceled as a cloud upon the complainant's title. Mrs. Roney *filed an answer* to this bill of complaint, denied that the mortgage was made to secure a debt of the husband, Lorenzo D. Smith, but alleged that it was made to secure the debt of Mrs. Smith, that the mortgage was therefore *valid,* and that the sale thereunder by the mortgage company and the purchase by Mrs. Roney at said sale were also valid. The cause progressed to a final decree on the merits, which was rendered on January 20, 1904. In that decree the court has held that "the complainant is not entitled to relief and that her said bill is hereby dismissed out of this court."

2. It is, of course, a truism that the system of equity jurisprudence was formed for the purpose of supplementing the law and of furnishing remedies for wrongs

for which the law was, by reason of the unbending and inflexible character of its rules, unable to furnish a remedy. It therefore soon became a truism that, as a general rule, a court of equity would withhold relief to any suitor who possessed, for his particular wrong, a plain and adequate legal remedy.

When, however, a suitor invoked the jurisdiction of a court of equity to grant him a certain relief, and the court possessed the *general power* to do the particular thing which the suitor called upon the court to do—as for instance, to cancel, on account of *facts not shown by the instrument itself,* a certain instrument as being null and void—then, *in such a case,* although the bill of complaint might show that, owing to the situation of the parties to the suit, the complainant had a plain and adequate remedy at law, nevertheless, if the defendant to the bill did not demur to the bill, but filed an answer and submitted himself to the general jurisdiction of the court in the particular case, the decree, when rendered, was not void, but was binding on the parties. "Of course, we refer to cases in which the subject-matter of the suit lies within the jurisdiction of a court of equity, and the objection is that the remedy at law is inadequate, and not to cases in which the *subject-matter* does not fall within the jurisdiction."—*Penny v. British & American Mortgage Co.,* 132 Ala. 357, 31 South. 96.

The general jurisdiction of courts of equity to cancel void deeds or other void instruments apparently affecting the title to real estate—not shown upon their faces to be void—is undoubted. As a general rule—no special equity being shown—courts of equity refuse to entertain bills for the above purpose when the complainants are not in possession of the land affected by such void deeds or other void instruments for the simple

reason that a party out of possession and possessing the legal title may bring his action at law, show the invalidity of the deed or other void instrument which clouds his title, and thus recover possession of his lands. In other words, the complainant, in such a case, has a plain and adequate remedy at law. But this jurisdictional fact is one which the defendant to such a bill may waive by filing an answer and allowing the cause to proceed to final decree.—*Penny v. British & American Mortgage Co., Limited, supra.*

In this case, therefore, the plaintiff, even if her said bill, as is now claimed by her, was defective because it showed that she was not in possession of the land when she filed the bill, was nevertheless bound by the above decree, which, in effect, found that the mortgage to the mortgage company was valid and that the defendant's purchase at the mortgage sale was a valid purchase.— *Penny's Case, supra.*

3. We direct attention to the fact that in the above case Mrs. Smith, in her bill of complaint against Mrs. Roney, invoked the power of the court of chancery to cancel said mortgage and deed as clouds upon her title, not under chapter 127 of the Code of 1907 (sections 5443 to 5449 of the Code of 1907 inclusive), but under the general equity jurisdiction upon that subject which it possesses independently of said statutes.—*Felix Fittichauer v. Metropolitan Fireproofing Co., et al.,* 70 N. J. Eq. 429, 61 Atl. 746; *Parker v. Boutwell & Son,* 119 Ala. 297, 24 South. 860; *Shannon, et al. v. Long,* 180 Ala. 128, 60 South. 273.

4. It is a well-established rule of this court that when several distinct rulings of a trial court are all grouped in, and made the basis of, a joint assignment of error, then the assignment of error falls if the rulings of

the trial court as to one of the matters so jointly assigned as error was correct.

For this reason, and for reasons already set out in the above opinion, the appellant can take nothing by her first, second, third, and fourth assignments of error.

5. Replication 12 to pleas 1 and 2 sets up as a fact that the chancellor rendered a certain decree and then proceeds to show that no such decree was in fact rendered by the chancellor. The trial court properly sustained the demurrer of the defendant to replication 12 to said pleas, and the appellant can take nothing by her fifth and sixth assignments of error.

The defendant, under the plea of the general issue, could have introduced in evidence all of the records and proceedings in the above chancery cause and could have proven all of the facts set up in special pleas 1 and 2. The records and proceedings in said chancery cause, coupled with the facts set out in pleas 1 and 2, if said facts are true, constituted perfect defenses to this suit, however, and the trial court should not be put in error for overruling the plaintiff's demurrers to said pleas.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.