(110 So. 384)

**DAVIDSON v. BROWN et al.** (6 Div. 315.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. **Cancellation of instruments** ⊜⟝10—**Cancellation of void deed is granted only where complainant is in possession of land involved at time of filing suit; otherwise remedy at law precludes relief.**

Complainant seeking cancellation of void deed, execution of which was alleged to have been induced by fraudulent representations, must show possession of land involved at time of filing suit, as otherwise remedy at law affords adequate relief.

2. **Cancellation of instruments** ⊜⟝10—**Complainant may sue for cancellation of deed for fraud as to consideration, irrespective of possession; there being no adequate remedy at law.**

Complainant seeking cancellation of deed on ground of fraudulent representations as to consideration only need not show possession at time of filing suit, the deed being voidable only, and there being no adequate remedy at law.

**3. Deeds ⬡⟿178—Ejectment ⬡⟿26(3)—Fraud not going to execution of deed is not available in ejectment in court of law to nullify it, nor does rescission revest title.**

Defense of fraud, not going to the execution of a deed, is not available in ejectment in a court of law to nullify it, and rescission by vendor, though effective in other respects, does not revest in him title to land once fully vested in another.

**4. Quieting title ⬡⟿35(3)—Bill to quiet title held defective for failure to allege "peaceable" possession in complainant.**

Bill seeking cancellation of voidable deed for fraud, not going to the execution thereof and incidental thereto, seeking to quiet title, held defective for failure to allege "peaceable" possession in complainant.

**5. Equity ⬡⟿330(1)—Defect in bill for cancellation of deed held waived by failure to object.**

Failure to object held waiver of defect in bill for cancellation of voidable deed not alleging peaceable possession of complainant.

**6. Deeds ⬡⟿196(2)—Complainant has burden of proof of fraud alleged as ground for cancellation of deed.**

Complainant seeking cancellation of deed for fraud not going to its execution has burden of proof of fraud alleged.

**7. Deeds ⬡⟿70(8)—Complainant held entitled to cancellation of deed for fraud of grantee misrepresenting consideration.**

Complainant held entitled to cancellation of deed for fraud of grantee in misrepresenting that land given in exchange was free from incumbrances.

**8. Exchange of property ⬡⟿8(4)—Estoppel to demand cancellation of deed by acceptance of defendant's deed held not established by evidence.**

In suit to cancel deed for fraud of defendant in misrepresenting that land conveyed by him was free from incumbrances, complainant's acceptance of deed from defendant and her failure to pay mortgage on property so conveyed, estopping her from claiming the relief sought, held not established.

**9. Principal and agent ⬡⟿177(3)—Notice to agent delivering deed of complainant's refusal to accept it is notice to grantor.**

Notice to grantor's agent for purpose of delivering deed, that grantee rejected and refused to accept it, held notice to grantor as matter of law.

**10. Appeal and error ⬡⟿1039(4)—Failure to offer to do equity held not prejudicial, where defendant was given full benefit of equities claimed.**

Failure of complainant suing for cancellation of deed to offer to do equity by reimbursing defendant for municipal assessments paid on land conveyed held not prejudicial, where decree gave defendant full benefit of such payments.

**11. Equity ⬡⟿330(1)—Defect in bill held waived by defendant's failure to incorporate in answer demurrer pointing out such defect.**

Defendant's failure to incorporate in his answer, before final submission, a demurrer pointing out failure of bill to offer to do equity, held a waiver thereof.

**12. Cancellation of instruments ⬡⟿57—Decree requiring defendant in suit to cancel deed to convey interest acquired by purchase from city on account of defaulted municipal assessments held proper.**

In suit to cancel deed, decree requiring defendant to convey to plaintiff such interest as he had acquired by purchase from city on account of defaulted municipal assessments held proper.

**13. Venue ⬡⟿5(4)—Suit to cancel deed is properly brought in county where land is (Code 1923, § 6524).**

Suit to cancel deed for fraud held properly brought in county where land was situated, in view of Code 1923, § 6524.

**14. Appeal and error ⬡⟿186—Question of venue must be seasonably raised in trial court.**

Question of venue, to be available, must be seasonably raised by plea in trial court.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Mittie Mahone Brown against M. L. Davidson and John B. Reid. From a decree for complainant, respondent Davidson appeals. Affirmed.

The bill of complaint was filed by Mittie Brown for the purpose of canceling a certain deed purporting to have been executed by her and her husband, Thornton Brown, to the respondent, M. L. Davidson, and conveying to him a certain lot numbered as lot 15, in block 6, in the survey of the East Lake Land Company. In addition to the prayer for cancellation, there is a prayer for a decree that respondent has no right, title, interest, or claim in or to the lot.

The gravamen of the bill is found in paragraph 3:

"Complainant further avers that defendant, Davidson, fraudulently procured complainant, who was a negro woman, unused to business, to sign said paper (the deed in question) by falsely and fraudulently stating to her that it was a paper agreeing, or having the effect of an agreement, on her part to deed said real estate to said Davidson for a certain body of land which said defendant Davidson claimed to own, and which had a dwelling house thereon, and which was situated in said East Lake, * * * and he represented that said real estate * * * was free from incumbrances."

The bill shows that complainant relied on these representations; that the paper was in fact an absolute deed, for which the consideration recited was the "payment of what is unpaid on municipal assessments and four

---

hundred ($400) dollars"; and that there was in fact a mortgage incumbrance of $500 on respondent's said land. It is further shown that when complainant learned of this incumbrance she declined to trade with respondent, and that she did not discover that she had been duped into' signing a deed to him, until December, 1921, when she first learned that he was claiming the lot. It is also averred that complainant owns and is in possession of said lot 15, that no consideration of any sort was paid to her therefor by respondent, and that she was induced to sign said deed by the false and fraudulent representations aforesaid.

No objection was taken to the bill by demurrer, and Davidson answered denying the charges of false representations, averring that complainant and her husband executed the deed voluntarily with knowledge of its nature and effect, and that he himself executed and delivered a deed to complainant conveying to her his own property, as agreed upon, subject to a mortgage of $500, of which complainant was fully informed at the time, and that complainant accepted and took possession of his said deed. The answer further alleges that complainant refused to pay off the mortgage debt on said lot, and, by reason of her default therein, said mortgage was foreclosed in 1917, and the title passed to a purchaser at said sale. It is further alleged that the municipal assessments on complainant's said lot 15 were entered up as debts of respondent, and, that he has paid "a large part thereof."

On final hearing the court granted to complainant the relief prayed by a decree canceling her said deed to respondent, and adjudging that respondent had no right, title, interest, or claim in or to the lot, and, on the register's report under an interlocutory reference previously made, it was decreed that complainant should pay to respondent the sum of $164.18 on account of sums paid by him in discharge of municipal assessments—the relief to complainant being contingent upon her payment of that sum into court.

From this decree respondent appeals.

Armstrong Cory, of Birmingham, for appellant.

Relief cannot be founded upon proof without allegation. Belcher v. Scruggs, 125 Ala. 336, 27 So. 839; Winter v. Merrick, 69 Ala. 86. Where there is undue delay, with knowledge, in seeking relief, and the status of the parties irremediably changed, relief will not be granted. Cole v. Birmingham Union R. Co., 143 Ala. 427, 39 So. 403; Gayle v. Pennington, 185 Ala. 53, 64 So. 572; Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630. Absence of an offer to do equity was fatal to the bill. Coburn v. Coke, 193 Ala. 364, 69 So. 574. The suit should have been brought in the county of respondent's residence, and the question of venue is properly raised by the answer. Harwell v. Lehman, Durr & Co., 72 Ala. 344; Ex parte Dunlap, 209 Ala. 453, 96 So. 441. When a bill to remove a cloud from title shows that complainant is not in possession of the land, it is without equity and should be dismissed. Williams v. Lawrence, 123 Ala. 588, 26 So. 647; Tarwater v. Going, 140 Ala. 273, 37 So. 330; Galloway v. Hendon, 131 Ala. 280, 31 So. 603; Fleming v. Moore, 122 Ala. 399, 26 So. 174. On failure to prove possession as alleged, the bill should be dismissed. Collier v. Carlisle, 133 Ala. 478, 31 So. 970. Averment of conditions named in the statute is jurisdictional, and failure of such averment is not waived by failure to demur. Meyer v. Calera Land Co., 133 Ala. 554, 31 So. 938; Burgin v. Hodge, 207 Ala. 315, 93 So. 27. The primary object of this bill is the cancellation of a deed for alleged fraudulent representations in procurement thereof and for total lack of consideration, and must be treated as independent of the statute; there is a distinction between suits to remove clouds and to cancel deeds for fraud. McDonnell v. Finch, 131 Ala. 85, 31 So. 594; Bolen v. Allen, 150 Ala. 201, 43 So. 202; Galloway v. Hendon, 131 Ala. 281, 31 So. 603.

Harsh, Harsh & Harsh, of Birmingham, for appellees.

Where real estate is the subject-matter of a bill, the suit is properly brought in the county where such real estate is situated. Code 1907, § 3093; City Loan & Banking Co. v. Poole, 149 Ala. 164, 43 So. 13. The filing of a general appearance and an answer without a demurrer waives questions of jurisdiction and venue. Tubb v. Fort, 58 Ala. 277; Penny v. British & American Mortg. Co., 132 Ala. 368, 31 So. 96. The evidence revealed fraud and total failure of consideration, and cancellation of the deed was properly decreed. Leonard v. Roebuck, 152 Ala. 314, 44 So. 390; Hartley v. Frederick, 191 Ala. 175, 67 So. 983; King Lbr. Co. v. Spragner, 176 Ala. 564, 58 So. 920; Roney v. Moss, 74 Ala. 392. Failure to demur waived any claimed insufficiency of averment. Bell v. McLaughlin, 183 Ala. 548, 62 So. 798. Laches has no application, where fraud is not discovered until shortly before the bill is filed, and there has been no recognition of respondent's right, but complainant has continuously claimed to own the property and exercised acts of ownership. Treadwell v. Torbert, 122 Ala. 297, 25 So. 216; Ellis v. Drake, 206 Ala. 145, 89 So. 388; Wilson v. Henderson, 200 Ala. 187, 75 So. 935. There was no complete delivery of the instrument in question, or of the instrument which respondent claimed was the basis of the trade, and under this theory of the case there was no sufficient ground for relief. Skipper v. Holloway, 191 Ala. 190, 67 So. 991; Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528.

Respondent cannot complain of the decree for redemption from the city lien, having taken no exception to the register's report. Betts v. Gunn, 31 Ala. 219; Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742.

This case having been submitted under Supreme Court rule 46, the opinion of the court was prepared by Mr. Justice SOMERVILLE.

[1, 2] As we understand the bill of complaint, it presents two grounds as bases for relief: (1) Respondent's fraudulent misrepresentations as to the nature of the instrument which he induced complainant to execute; and (2) respondent's fraudulent misrepresentations as to the mortgage incumbrance on his own lot. On the first ground—the instrument being a legal nullity—complainant would be entitled to relief by cancellation only upon a showing that she was in possession of the lot at the time of filing suit. Smith v. Roney, 182 Ala. 540, 62 So. 753; Wilkinson v. Wilkinson, 129 Ala. 279, 30 So. 578; Brown v. Hunter, 121 Ala. 210, 25 So. 924. But on the second ground—the fraud going to the consideration and inducement only, and the instrument being voidable merely— equity will intervene to declare a rescission of the contract and the surrender and cancellation of the deed, or a reconveyance of the property, regardless of complainant's want of possession. Shipman v. Furniss, 69 Ala. 555, 562, 563, 44 Am. Rep. 528; Hafer v. Cole, 176 Ala. 242, 249, 57 So. 757; Baker v. Maxwell, 99 Ala. 558, 14 So. 468.

[3] In such a case there is no remedy by ejectment at law, because fraud not going to the execution of the deed, as by misreading it to the grantee, or misrepresenting its contents, or the like, is not available in a court of law to nullify the deed, and rescission by the vendor, though effective in other respects, does not revest in him the title to land once fully vested in the purchaser. Swift v. Fitzhugh, 9 Port. 39, 63, 64; Mordecai v. Tankersly, 1 Ala. 100; Giles v. Williams, 3 Ala. 316, 317, 37 Am. Dec. 692; Costillo v. Thompson, 9 Ala. 937, 946; Thompson v. Drake, 32 Ala. 99, 103; 18 Corp. Jur. "Deeds," 227, 228, § 147, citing numerous authorities. This principle seems to have been recognized in Brown v. Hunter, 121 Ala. 210, 212, 25 So. 924, where the foregoing cases are cited. Doubtless it has been lost sight of in some of our numerous decisions affirming the general rule that equity will not take jurisdiction to cancel a cloud on title unless the complainant shows that he is in possession of the land, but it has never been denied, so far as we are advised.

[4, 5] The bill in this case does in fact allege possession in the complainant, and, incidental to the relief prayed by cancellation, it seeks to quiet the title in the manner of the statutory jurisdiction to that end. As a bill in the latter aspect, it is defective in not alleging a "peaceable" possession in complainant; but no objection was taken to the bill as for misjoinder of causes, or for defective allegation as to any aspect of right or remedy. This operated, of course, as a waiver of such objections (Penny v. B. & A. Mortgage Co., 132 Ala. 357, 31 So. 96; Smith v. Roney, 182 Ala. 540, 62 So. 753; Bruce Coal Co. v. Bibby, 201 Ala. 121, 123, 77 So. 545; Hyman v. Langston, 210 Ala. 509, 511, 98 So. 564), and the court was authorized to grant any appropriate relief within the allegations and prayers of the bill, if the evidence justified it.

[6, 7] The burden of proof was of course on the complainant to establish her charges of fraud, or one of them. Conceding, for the argument, that 'she failed to convincingly establish fraud in the *execution* of the deed, and that she had not the possession of the land at the time her bill was filed, we are clear in the conclusion that she was intentionally deceived by the respondent as to the mortgage incumbrance on his own property, offered to her in exchange for the lot she conveyed to him, and that this deception as to the nature and value of the consideration that induced her conveyance entitled her to a rescission of the contract of exchange, under the general prayer of the bill, and, incidentally, to the other relief specially prayed.

[8] In his answer the respondent sets up, as an estoppel against complainant's right to relief, the facts that he delivered his deed to her, that she accepted it, and that thereafter, by reason of her failure to pay the mortgage debt—he believing that she had undertaken to do so—his property was lost by the foreclosure of the mortgage and the lapse of the redemption period.

[9] However, the undisputed evidence is that complainant did not accept respondent's deed, but promptly rejected it, refused to go on with the deal, and never asserted any claim to the property it purported to convey or exercised any ownership over it in any way. This rejection and refusal were made known to Davis, who was respondent's agent for the purpose of delivering the deed; and notice thereof to Davis was notice to respondent, as a matter of law. The asserted estoppel was therefore properly denied.

[10, 11] On the allegations of the bill, there was no occasion for an offer to do equity by complainant. It is insisted, however, that upon the filing of respondent's answer, asserting his payment of "a large part" of the municipal assessments that had accrued on complainant's lot, it was incumbent on her to amend her bill by adding thereto an offer to do equity in the premises. The answer does not aver that these payments were made before the filing of the bill of complaint. But, conceding the merit of respondent's contention, he failed to incorporate in his answer, before final submission, a demurrer pointing out that defect in the bill, if such it was, thereby waiving the defect. Hyman v. Langs-

ton, 210 Ala. 509, 511, 98 So. 564. And, furthermore, the decree of the court gave to respondent the full benefit of his asserted equity by requiring complainant to pay into court for him the full amount of his payments, and complainant has submitted to that decree. Hence respondent has nothing to complain of in that respect.

[12] It was the province of the court having jurisdiction of the cause to do full equity between the parties, and that part of the decree ordering respondent to execute a quitclaim deed to complainant conveying to her such interest in her lot as he acquired by purchase from the city of Birmingham, on account of defaulted municipal assessments, that being germane and incidental to the main relief decreed, was proper.

[13, 14] The statute (Code 1923, § 6524), provides that "if real estate be the subject-matter of the suit" it may be brought "in the county where the same, or a material portion thereof is situated." This suit was therefore properly brought in Jefferson county, where the land involved is situated. City Loan, etc., Co. v. Poole, 149 Ala. 164, 43 So. 13. But, in any case, the question of venue, to be available, must be raised seasonably by plea in the trial court, and it was not so raised in this case. White v. White, 206 Ala. 231, 89 So. 579.

Other objections are made to the decree, but they are so manifestly without merit as to justify pretermission of special notice.

We find no error calling for correction, and the decree will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, and BOULDIN, JJ., concur.