# Morris, *et al.* *v.* Marshall.

*Bill of Review to Revise Decree.*

(Decided January 15, 1914.  64 South. 312.)

1. *Equity; Pleading; Review; Scope.*—Errors apparent on the face of the record may be attacked by a bill for review.

2. *Specific Performance.*—Specific performance of an oral agreement whereby a husband and wife agreed to sell and convey lands of the wife cannot be had even though there was a part performance, and the purchasers had gone into possession, notwithstanding the provisions of section 4492, Code 1907, since section 4494 requires the husband's joining in alienation in the mode prescribed by law for the execution of conveyances; hence, the verbal assent to the conveyance by the husband does not render the contract enforceable.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. C. J. TORREY, Special Judge.

Bill by A. E. Morris and another against Isaac W. Marshall for review to revise the decree rendered by the chancery court in favor of said Marshall. From a decree sustaining demurrer to the bill, complainants appeal. Reversed and rendered.

T. S. WIGGINS and MCCLELLAND & RATCLIFFE, for appellant. While a bill of review is not available in lieu of an appeal or writ of error, it is available to correct errors apparent on the record.—*Vary v. Thompson,* 166 Ala. 1; *Tankersley v. Pettis,* 61 Ala. 354. To determine whether or not there are errors apparent on the record the court may look to the pleadings.—*McDougal v. Dougherty,* 39 Ala. 409. When so viewed, it is apparent that the contract sought to be enforced, and enforced by the decree, is not enforceable.

HYBART & HARE, for appellee. It is averred and shown in the original bill that Marshall paid part of

the purchase money, and was put in possession, and this made out a case for specific performance.—*L. & N. v. Philyaw,* 94 Ala. 463. The court is without power to alter or change final judgments or decrees after the close of the term except, for correction of clerical errors or omissions.—70 Ala. 410; 80 Ala. 359; 53 Ala. 615; 44 Ala. 248. Petitioner must show actual fraud in the procurement of the decree.—*Noble Bros. v. Moses,* 74 Ala. 604; 170 Ala. 362. Where the errors could have been corrected by appeal, a bill of review will not lie.—168 Ala. 363. The provisions of a statute "except as otherwise provided by law" relative to conveyances by the wife has reference only to prohibiting the wife from becoming surety for the husband.—*Sample v. Guyer,* 143 Ala. 613. This was a conveyance and not a suretyship, and the oral agreement of the husband was sufficient.—*Jackson v. Knox,* 24 South. 724; *Knox v. Land Co.,* 86 Ala. 180.

SOMERVILLE, J.—The appellants seek by bill of review to revise a decree rendered by the chancery court in favor of the appellee. Appellee's original bill prayed for the specific performance of an alleged oral agreement by which appellants, husband and wife, sold to appellee two certain tracts of land, belonging to the wife, for the sum of $1,500. This agreement was partly executed by the payment of $1,000 of the purchase money, the execution of a deed to part of the land, and the surrender by appellants to appellee of possession of all of the land; and upon the payment of the remaining $500 at the end of a year appellants were to execute to appellee a deed to the remainder of the land. The bill averred a tender and readiness to pay whatever balance was found to be due. A decree pro confesso was taken on the bill, and on the recited facts thus

confessed a final decree was rendered, granting to ap-
pellee the relief prayed for, viz., a specific performance
of appellants' oral agreement to convey.

The theory of the present bill is that, conceding as
true all the facts recited in the original bill, the decree
was based upon a misapplication of the law to the facts,
in that a wife's verbal agreement to sell her land,
though protected against the statute of frauds by par-
tial payment of the purchase money and possession
taken, is not valid and enforceable even though her
husband has also orally assented thereto.    We think
this view of the law is correct.    Except under certain
conditions, not here pertinent, the wife cannot alienate
her land "without the assent and concurrence of the
husband, the assent and concurrence of the husband to
be manifested by his joining in the alienation in the
mode prescribed by law for the execution of convey-
ances of land."—Code of 1907, § 4494.    To hold that the
husband's verbal assent to the wife's alienation, wheth-
er the latter be verbal or written, renders it valid and
enforceable would be to disregard the plain language
and purpose of the statute.    Certainly a court cannot
compel the wife to do that which she could not lawfully
do of her own accord.    The husband's assent must be
evidenced as the statute requires, or else it is no as-
sent, and binds neither her nor him.    Such statutes as
ours are construed as authorizing executory, as well as
executed, conveyances, but in either case the husband
must join in the execution of an appropriate instru-
ment of writing.—*Blythe et ux. v. Dargin,* 68 Ala. 370,
377; *Knox v. Childersburg Land Co.,* 86 Ala. 180, 5
South. 578; *Rooney v. Michael,* 84 Ala. 585, 4 South.
421; *Davidson v. Cox,* 112 Ala. 510, 20 South. 500.    As
said in *Blythe v. Dargin,* "if specific performance was
decreed of any other species of contract, a court of

equity would impart validity to a contract pronounced by the common law void, absolutely void as to the wife." The chancellor's conclusion to the contrary is founded upon the supposed effect of section 4492, Code of 1907 (section 2526, Code of 1896), which declares that "The wife has full legal capacity to contract as if she were sole, except as otherwise provided by law." A dictum in the case of *Sample v. Guyer,* 143 Ala. 613, 615, 42 South. 106, that *the only* inhibition upon her contractual capacity is that she cannot, directly or indirectly, become the surety for the husband is clearly an inadvertency. The statutes must be construed together, and the inhibition against alienation, except as authorized, is equally an inhibition against an agreement to alienate. To inhibit the one, while permitting the other, would be simply a senseless paradox, which cannot be vindicated in any forum of reason.

It is perhaps impossible to reconcile all that has been said in our numerous decisions with respect to the meaning and effect of former statutes relating to this subject, but we can entertain no doubt as to the effect of the statutes now in force.

The present bill shows error apparent on the record, and makes a proper case for a bill of review, though some of the grounds recited are without merit.—*Smyth v. Fitzsimmons,* 97 Ala. 451, 458, 12 South. 48.

The demurrers, which were addressed to the bill as a whole, should have been overruled. The decree of the chancellor is reversed, and a decree is here rendered overruling the demurrers to the bill of review as finally amended.

Reversed and rendered.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur.