(75 South. 937)

CROSBY v. TURNER. (4 Div. 659.)

(Supreme Court of Alabama. May 17, 1917.)

1. HUSBAND AND WIFE &#8660;193—CONVEYANCE BY WIFE—VALIDITY—STATUTE.

A conveyance by the wife to her husband and daughter of lands belonging to her separate estate, was invalid in so far as it purported to convey an interest to the daughter in view of Code 1907, § 4494, requiring the husband to join in conveyances by the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 716–718, 940.]

2. HUSBAND AND WIFE &#8660;193—CONVEYANCE BY WIFE—VALIDITY—STATUTE.

The wife alone may make a valid conveyance of her lands to her husband; Code 1907, § 4494, requiring the husband to join, having no application to conveyances to the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 716–718, 940.]

3. HUSBAND AND WIFE &#8660;198 — SALE OF PROPERTY—NONJOINDER OF HUSBAND—ESTOPPEL.

Where the husband did not join in the conveyance by his wife as required by Code 1907, § 4494, his conduct could not estop him from asserting the invalidity of the conveyance; as such conveyance could not be made the basis of an estoppel.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 733, 944.]

4. ESTOPPEL &#8660;52—AS TO ACTS WHICH ONE HAS NO POWER TO DO.

The doctrine of estoppel can go no further than to preclude a party from denying that he has done that which he had the power to do.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 121–125, 127.]

Appeal from Chancery Court, Coffee County; O. S. Lewis, Chancellor.

Action by Henrietta Crosby against G. W. Turner. Judgment for defendant, and plaintiff appeals. Affirmed.

W. W. Sanders, of Elba, for appellant. Baldwin & Murphy and J. Morgan Prestwood, all of Andalusia, and Simmons & Stokes, of Enterprise, for appellee.

McCLELLAN, J. [1] In sustaining grounds of demurrer 2, 3, and 4 to the amended bill the court below gave effect to the view that a conveyance by the wife alone of lands in this state belonging to her separate estate to her husband and her daughter, the wife and the husband being residents of Alabama, was invalid in so far as it purported to convey an interest in or title to the land to the daughter, and so, because the alienation of the lands so held by the wife (resident of Alabama) is required to be, can only be effected (with exceptions not presently important) under our statute (Code, § 4494) through the "assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land."

[2] It is held here that a wife alone may validly, effectually convey her lands to her husband without his assent and concurrence, manifested as the quoted statute requires; the conclusion being that the statute (Code, § 4494) has no application to conveyances to the husband. Osborne v. Cooper, 113 Ala. 405, 21 South. 320, 59 Am. St. Rep. 117.

The complainant (appellant) and the respondent (appellee) accepted from Hulda Turner, the mother of complainant and the wife of respondent, a voluntary conveyance (Waddail v. Vassar, 72 South. 141[1]) of certain lands belonging to Hulda Turner. To this conveyance complainant ascribes her interest in the land. Subsequently, in 1907, the husband received his wife's conveyance to him alone of this land. Hulda Turner died in 1908. The complainant seeks by her amended bill to cancel this conveyance of 1907 on the ground of fraud and undue influence. The respondent asserts through the grounds of demurrer enumerated that the conveyance jointly to the complainant and to him is invalid as to her because he did not join with his wife in the conveyance of an undivided interest in the land to her. The deed, in so far as its contemplated effect was to invest right or title to the land in complainant, was undoubtedly void, a nullity, because the husband did not join in it as the statute (Code, § 4494) prescribes. The apt analogy afforded by our ruling with respect to a conveyance of the homestead executed by the husband alone to his wife and his children in Wallace v. Feibleman, 179 Ala. 589, 60 South. 290, confirms this conclusion; the effects of the ruling being to uphold the conveyance to the extent it in-

vested the wife with title (one-sixth) to the homestead and to annul it as a conveyance to the children of the five-sixths interests that would have passed to them by the instrument if it had been validly executed.

[3, 4] To avert these consequences the complainant relies upon an estoppel against the husband to assert the partial insufficiency of the instrument which purported to convey to him and to complainant an undivided one-half interest each in the land described therein. Under our decisions the wife is not estopped to assert the invalidity of her attempt at a conveyance of her land because the husband did not join with her as the statute prescribes; the only, the exclusive, mode of and for the alienation of her land being that prescribed by the statute. Vansandt v. Weir, 109 Ala. 104, 108, 19 South. 424, 32 L. R. A. 201; annotations to Code, § 4494. We understand it to be a general rule that a void deed cannot be made the basis of an estoppel. 16 Cyc. 706, 707; Amer. & Eng. Ency. of Law, p. 393.

"The doctrine of estoppel, * * * can go no further than to preclude a party from denying that he has done that which he had the power to do." McIntosh v. Parker, 82 Ala. 238, 240, 3 South. 19, 20; Gibson v. Clark, 132 Ala. 370, 374, 31 South. 472.

The husband having no power to import validity into a conveyance by the wife alone of her lands to a third person, except through the exclusive method prescribed by the statute (Code, § 4494), it is manifest that no act or conduct of his could render valid her conveyance of her land without his joinder therein as the statute prescribes. Any other conclusion would subvert and avoid the obvious purpose of the statute. The decree sustaining the demurrer on the grounds mentioned was well rendered.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.