194 So. 151

## McCRANEY v. CITY OF LEEDS.

### 6 Div. 560.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

Horace C. Wilkinson and Smith, Windham, Jackson & Rives, all of Birmingham, for appellant.

Exum & Whitmire, of Birmingham, for appellee.

BOULDIN, Justice.

Bill in equity by the City of Leeds to abate an alleged public nuisance.

The appeal is from a decree overruling demurrers to the bill.

The bill alleges: "Respondent erected in the parkway, or sidewalk or street of the City of Leeds, to-wit: at the Corner of First Avenue, South and Ashville Road, in front of a gasoline filling station which is operated by respondent, facing First Avenue, South, two gasoline pumps and air service appliances. Said gasoline pumps are placed about two feet from the curb of First Avenue, South. and are approximately six feet apart, and are located about fifteen feet from the corner of the intersection of the above mentioned highway. Said pumps are about eight feet in height and one and onehalf feet square. These pumps are used to service motor vehicles with gasoline fuel. Air service appliances are used to fill the tires of the parked vehicles. Automobile and trucks to be serviced, are parked on the street parallel to the curb to refuel. The vehicles arrive and leave at various intervals."

Further alleges: "That the motor traffic to and from the gasoline pumps in the parkway of the street endangers the life and health of the citizens of Leeds; that said traffic impedes other traffic and endangers the life and safety of those traveling on the Bankhead Highway and Ashville Road."

And again: "That the erection of said gasoline pumps and air service appliances as hereinabove set out located in the parkway or sidewalk of the street of the City of Leeds obstructs and interferes with the use of said public street. And Complainant further avers that the erection and maintenance of said pumps and air appliances constitutes a public nuisance."

Other averments are to the effect that the street on which these appliances are located is part of the Bankhead Highway from Birmingham to Atlanta, traveled day and night; that the Ashville Road is a heavily traveled state highway, that this junction is some three blocks from the business district of Leeds.

Further averments are that a public school, attended by approximately 1,000 pupils of the City of Leeds, is located across the street from the filling station; that these pupils and citizens of Leeds pass on the sidewalk between the filling station and parkway where the pumps are located, and the traffic to and from these pumps endangers the safety of these pupils. on the parkway, or zone between the side-

Clearly enough these pumps of the customary type and air appliances are located walk, for the use of pedestrians, and the street primarily for vehicle traffic, marked by the curb line.

The theory of respondent, sufficiently presented by demurrer, is that the respondent is the owner of the fee to the middle of the street, subject to its paramount use as a public street; that, as owner of the fee, respondent has a right of property, carrying with it a right of user in anyway not invasive of the paramount public easement for street purposes. The location of these appliances in the parkway, it is argued, is not shown by the bill to be such an infringement upon the paramount easement for street purposes as to constitute a public nuisance.

■ Presumptively, at least, the fee in the lands to the center line of the street belongs to the abutting owner.

■ It is subservient to the paramount public easement for street purposes to the full width of the street from property line to property line.

■ It is entirely within the functions of the city to provide sidewalks for pedestrians and a separate zone for vehicles, outlined by curbs, and to establish a zone or parkway between the two for ornamentation with grass or flower plots, trees and shrubs, a city beautiful feature, for the benefit of the public and abutting owners. Such parkways may and often are used for the location of poles, fire hydrants, meter boxes, etc., in connection with public utility services for the inhabitants of the city.

The qualified use of such parkways as parts of the public street in passing from the sidewalk to the curb, the duty of the city not to permit dangerous traps or obstructions, the care to be observed by pedestrians in the use of such parkways, have been considered in many cases, here and elsewhere. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797; City of Tuscaloosa et al. v. Fair, 232 Ala. 129, 167 So. 276.

■ That such parkway is a part of the street for the public purposes to which it is adapted is well settled in our decisions. Authorities, supra; also, Costello v. State, 108 Ala. 45, 18 So. 820, 35 L.R.A. 303; Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 47 L.R.A.,N.S. 607; City Council of Montgomery v. Foster, 133 Ala. 587, 32 So. 610; First National Bank v. Tyson, 133 Ala. 459, 32 So. 144, 59 L.R.A. 399, 91 Am.St.Rep. 46.

For full review of authorities elsewhere touching such parkways as parts of the public street, and the rights and obligations of the city and the citizen in their use for purposes of passage, etc., see note to Butler v. McMinnville, 59 A.L.R. 387 to 402.

All this is rather incidental to the real question before us.

The matters complained of here are not limited to the inquiry whether these pumps are an obstruction to traffic per se.

■ Their location is to be taken in connection with their uses as appliances in the conduct of the business disclosed by the bill.

Bluntly and plainly stated the respondent is making use of the street, both the parkway and the zone, for vehicle traffic in the conduct of a private business thereon.

146

Trucks and automobiles, on respondent's invitation, stop on the public street while respondent delivers gasoline for fuel and air service for tires. Clearly this means the intermittent obstruction of the zone in which vehicles are entitled to move, a subordination of the paramount right of the public to a private use.

There is no analogy between this use and the use of the street for parking purposes incident to the convenient use of a public street.

Subject to reasonable regulations, parking along the curb under present day conditions is necessary to a full and beneficial use of the street for purposes of traffic. For like reasons there is no analogy in the hitching post of horse and buggy days. More apt would be the case of an abutting owner running a feeding station at the curb, parking horse and buggy in the street while conducting this business.

The public has a paramount right to the uninterrupted use of the street from side to side for the purposes to which it is dedicated. Any material obstruction, for instance, of any portion of the street set apart to vehicle traffic, for private purposes, not incident to the use of the street as such, is a nuisance. Code, § 9271. It is a public nuisance because an invasion of a public right. Authorities supra; 15 R.C.L. 186.

Averments of quantum of travel and hazard to pedestrians or persons in other vehicles are cumulative merely, giving emphasis to the duty of city authorities in the premises.

Operating this private business in the street without the consent of the City is violative of Section 220 of the Constitution. This, regardless of whether or not a public nuisance would exist in the absence of this constitutional recognition of the rightful dominion of the city over its streets. Kahabka v. Schwab, 205 App.Div. 368, 199 N.Y.S. 551; McLendon et al. v. Boyles Transit Co., 210 Ala. 529, 98 So. 581; Williams v. City of Albany, 216 Ala. 408, 113 So. 257; City of Decatur et al. v. Meadors et al., 235 Ala. 544, 180 So. 550.

Affirmed.

GARDNER, FOSTER, and BROWN, JJ., concur.