194 So. 836

### NEWMAN et al. v. BORDEN.

### 7 Div. 608.

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

388

Ross Blackmon, of Anniston, for appellants.

John D. Bibb and Wm. C. Bibb, both of Anniston, for appellee.

GARDNER, Justice.

Complainant Carrie Borden Newman is the wife of P. N. Newman, and she was left certain real estate by the will of her father. Defendant, L. E. Borden, her brother, was devised forty acres, which was without a dwelling. The will of the father was duly probated.

Defendant, L. E. Borden, claims, however, that his sister had previously expressed herself as willing to give him a house and seven acres of land, included in her devise, and, in February 1938, the sister

did execute a deed to the seven acres to defendant, her brother. It is this deed which is sought to be cancelled as void for the failure of the husband to join therein as required by section 8269, Code of 1923.

The general jurisdiction of courts of equity to cancel void deeds—not shown on their face to be void—is not questioned.

The demurrer taking the point of an adequate remedy at law was withdrawn for the evident purpose of the trial of the cause upon its merits before the chancellor. Answer was filed, and the cause proceeded to a final decree on the merits, resulting in a denial of relief and dismissal of the bill. The court having general jurisdiction of the subject matter, the question of an adequate remedy at law was waived. Smith v. Roney, 182 Ala. 540, 62 So: 753.

It appears undisputedly the husband was without any title or interest in the property, and we see no necessity for his joinder as a party complainant. But under the provisions of section 6645, Code of 1923, this is not a matter of great importance as it was within the power of the chancellor to grant relief to the wife, and deny any relief to the husband.

Much argument is advanced by defendant upon the matter of the burden of proof, and stress is laid upon the fact the case was decided upon testimony taken orally before the court, and the weight to be accorded the decree on that account.

The deed by the wife to her brother, this defendant, was not joined in by the husband, nor was his consent given thereto. On the contrary, the husband was strenuously objecting. Of course any verbal consent would be wholly ineffective. Morris v. Marshall, 185 Ala. 179, 64 So. 312.

In speaking of the execution of the deed to him by his sister, defendant says: "She said her husband was leaving her if she did give me a deed, and she didn't know whether it would be any good or not. She just said 'Porter is going to leave me if I do sign it,' and said he had left her."

Defendant's answer to the claimed invalidity of the deed rests upon the theory the husband had abandoned the wife, the statute (section 8269) providing that if the husband has abandoned the wife, she may alienate her land as if she were sole.

With the wisdom or policy of this statute we are not concerned. It provides the exclusive mode for the alienation of her land, and no theory of estoppel against her is permitted to weaken or render ineffective the statute. Crosby v. Turner, 200 Ala. 189, 75 So. 937. The purpose of statutes of this character is well stated in the text of 31 Corpus Juris 132, as follows: "Such restrictions * * * are designed for the protection of the wife, and the requisite of the husband's joinder is not intended as a limitation of the power of alienation, but to constitute the husband the protector of the wife, and as a designation of the mode of alienation, which is exclusive."

Limiting our observations to this case, the restriction of the statute is removed if the husband has abandoned the wife. We think it clear it was the legislative intent that the abandonment here spoken of means that the husband must leave the wife with no intention to return. 1 Corpus Juris 3. Abandonment is made up of two elements, act and intention. It includes both the intention to abandon and the external act by which the intention is carried into effect." 1 Corpus Juris 6. "Though time is not an essential element, yet it is a circumstance to be considered in determining the question of abandonment." 1 Corpus Juris 8. A mere temporary separation will not suffice. Nelson v. Brown, Tex.Civ.App., 111 S.W. 1106; Moss v. Ingram, Tex.Civ.App., 239 S.W. 1029.

Undisputedly before this matter of a deed by the wife to her brother arose, the husband was doing W. P. A. work in Birmingham, some distance from his home in Calhoun County. There is nothing in the record indicating any marital differences between husband and wife during the period of their married life of twenty-five years until this matter occurred. We think the proof shows very clearly the husband became considerably upset and his indignation much aroused about this deed, and for awhile he remained away from his wife and home—seeing his children, however, and sending provisions. He insists that all of this occurred immediately following the execution of the deed, and we think the facts and circumstances bear him out in this, for it was the execution of the deed which he had all along said would bring about serious trouble with his wife. But even this was of short duration, and ere

long we find the husband back·at home living with his family on the farm. All the facts and circumstances lead to the conclusion that this.matter.of separation was but a *temporary matter* occasioned by the desire of the wife to satisfy her brother, and the equally determined wish of the husband that no such deed be made.

Defendant appears to rest upon the theory that the mere absence of the husband at the time will suffice: But such is not the language of the statute. .He must have abandoned her, meaning thereby that he must have left with no intention to return. It must be a permanent, as distinguished from a temporary separation. And, as we have previously observed, we are persuaded all of this took place following the execution of the deed.

We cannot agree that it was ever intended by this statute to remove its restrictions upon the wife on testimony of this character.

Here, the husband and wife have over a long period of years had no serious marital differences. And even conceding a separation for a short time, and that it was prior to the execution.of the deed, yet it was occasioned by the influence of the brother over his sister, which superseded for the moment the husband's influence.

The very purpose of the statute was the protection of the wife in alienating her property, and to afford her the advice and counsel of her husband in such matters. The proof is clear enough the defendant often importuned his sister for this deed, and at last had it prepared, took it to her home, the husband being absent, and had the justice of the peace to meet them there for its execution. And his own testimony shows his sister's unhappy plight as to her husband and his threat to leave her if she did sign. It is evident the sister was torn by conflicting emotions—to appease her brother and do what she thought was right by him, and on the other hand the fear that she would lose the husband's love. In short, if there was any separation for a time, it was occasioned solely by the importunities of defendant for this deed, which he finally secured without the husband's assent thereto.

We consider the question of the burden of proof as well as the fact the witnesses were orally examined as here wholly immaterial, as we are persuaded that to uphold this transaction would in effect nullify the statute.

We think it clear enough defendant's theory as to the validity of his deed is based upon a misconception of the true meaning and purpose of the statute. That purpose was to protect the wife by giving her the advantage of her husband's advice. It was never intended that one could bring about separation by importuning the wife to give a deed against her husband's wishes, and then assert an abandonment of the wife as supporting the transaction, which he so vigorously opposed.

We are persuaded the wife was entitled to relief, and under the statute hereinabove cited relief may be awarded her and denied to the husband who was improperly joined.

There is no ruling on demurrer to the bill, and nothing here to review in that respect. The bill states a substantial cause for cancellation of the deed (Nelson v. Boe, 226 Ala. 582, 148 So. 311), and, in any event, the demurrer only had reference to the matter of burden of proof, which was, as we have observed, here immaterial.

The decree insofar as it denies relief to P. N. Newman will be affirmed. But as to Carrie Borden Newman, the decree is reversed, and one here rendered granting the relief of cancellation of the deed described in the bill, and that she be repossessed of the property.

Appellee is taxed with the costs of this appeal, and the costs in the court below.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.