5 So.2d 770

**EDWARDS v. TABB.**

6 Div. 952.

Supreme Court of Alabama.

Jan. 22, 1942.

210

Erle Pettus, of Birmingham, for appellant.

J. G. Adams, Jr., of Birmingham, for appellee.

GARDNER, Chief Justice.

Complainant (appellant here) filed this bill seeking the foreclosure of a mortgage on a certain lot in the City of Birmingham, Alabama, executed by one L. V. Pearson to W. Emmett Perry and transferred to complainant, and also seeking a decree declaring valid a mortgage by Fannie Tabb to complainant on the same property, and validating the foreclosure thereof. No question as to the sufficiency of the bill in any respect is here presented.

The cause proceeded to trial before the chancellor on answer and oral proof, resulting in a decree of foreclosure as to the Pearson-Perry mortgage, but denying complainant relief as to the mortgage of Fannie Tabb to him.

Relief was granted respondent on her cross bill declaring void the said mortgage executed by her to complainant. Hence this appeal.

Complainant's counsel argue upon the theory the respondent defended solely upon the ground that she was, at the time of the execution of the mortgage, the legal wife of Emerson Tabb, who did not join in the mortgage or give assent thereto. Title 34, § 73, Code 1940; Newman et al. v. Borden, 239 Ala. 387, 194 So. 836.

But it appears all parties, upon the trial, considered the answer as also presenting the question as to whether or not respondent, when she signed the mortgage, knew and understood it was a mortgage or was misled by statements made by complainant that it was merely a note and nothing more, as she testified before the chancellor. Tillis v. Austin, 117 Ala. 262, 22 So. 975.

As to the question first above noted, complainant insists the evidence conclusively discloses the husband had abandoned the wife and that the exception in the statute (Title 34, § 73, Code 1940), "but if the husband * * * has abandoned the wife * * * the wife may alienate or mortgage her lands as if she were sole", is here to be given application.

But the testimony of respondent clearly indicates she abandoned the husband. These

parties were members of the negro race and evidently quite ignorant of the legal phases connected with the marital relation. This marriage was in 1912 and in 1916 she left her husband's home on the Dallas County farm and moved to Birmingham, Alabama, where she has since resided.

True they each "married" again, if we may so term it—he in 1917, she in 1923, though subsequently annulled. But her testimony is to the effect that the husband wanted her to come back, even after his "marriage", and wrote her "plenty of times".

 Abandonment, under this statute, is made up of two elements, act and intent. It means the husband must leave the wife with no intention to return. Newman et al. v. Borden, supra.

However irregular may have been their conduct as regards the question of marriage, the testimony of respondent tends strongly to indicate the husband wanted her back and wrote her to that effect even after his supposedly second marriage. The husband, yet living, was not examined, and her testimony in this regard remains undisputed.

We have carefully examined the authorities cited by counsel for complainant (Hanberry v. Hanberry, 29 Ala. 719; Dabbs v. Dabbs, 196 Ala. 164, 71 So. 696; Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L.R.A. 95), but they each differ widely from the facts here presented. As was observed in Newman et al. v. Borden, supra [239 Ala. 387, 194 So. 837], "with the wisdom or policy of this statute we are not concerned". And we may add that the laudable purpose of the statute as noted in the Newman case may not find perfect application in the instant case. But we cannot ignore the express terms of the statute which provides the exclusive mode for the alienation of the wife's land. And our cases are to the point that no theory of estoppel against her is permitted to weaken or render ineffective the statute. Newman et al. v. Borden, supra.

In the matter of exception here contended for, the husband must have abandoned the wife, which includes both the intention to abandon and the external act by which the intention is carried into effect. The testimony of the respondent, the wife, is in refutation of both these constituent elements. The record does not indicate which of the two theories of defense constituted the basis of the degree. But as we conclude there was ample testimony upon which to invalidate the mortgage on the theory discussed, a consideration of the other may be pretermitted.

This cause was submitted November 25, 1941. On January 1, 1942, and after the foregoing opinion was written, counsel for appellant filed a supplemental brief which presents an argument (omitted from the brief filed on submission and considered in the preparation of this opinion) to the effect that in any event the decree was erroneous in failing to establish a statutory attorney's lien in favor of complainant. But under our authorities any such insistence must be considered as having been waived. The case of Louisville & N. R. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001, is to the effect that such supplemental brief, so far as appellant is concerned, must be in support of errors already urged upon submission. See also Hamilton v. Cofield et al., 220 Ala. 44, 124 So. 91.

Indeed, a re-examination of the assignments of error fails to disclose any assignment presenting the question thus sought to be argued and considered.

Finding no reversible error the decree is due to be affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.