Jas. A. McCollum, Jere Campbell and Walter G. Woods, all of Tuscaloosa, for appellants.

Ira D. Pruitt, Livingston, for appellee.

59 So.2d 662

**WOODS et al. v. COUNTY BOARD OF EDUCATION OF SUMTER COUNTY.**

**2 Div. 290.**

Supreme Court of Alabama.

June 19, 1952.

LIVINGSTON, Chief Justice.

The bill of complaint in this cause was filed by the County Board of Education of Sumter County, Alabama, against J. Florence Woods and K. K. Woods to recover possession of five acres of land and a building thereon located in Sumter County, the restoration of said building to a like condition as when respondents took possession of it, and to restrain respondents from further occupancy of the property. Demurrer to the bill was overruled and respondents appealed.

The bill avers that "on July 26th, 1921, J. Florence Woods and his wife, Lena Woods,

conveyed five (5) acres of land located in the Intercourse Community in Sumter County, Alabama, to the State of Alabama. The deed is recorded in Deed Book 37, page 459. Said land is described as follows:

"Begin at the Northwest corner of the NW ¼ of SW ¼ of Section 23, Township 17, Range 3 West, and running thence East 50 feet to the point of beginning, thence East 524 feet to the margin of the Black Bluff and Payneville road; thence South along the margin of said road 420 feet; thence West 524 feet, thence to the point of beginning, containing five (5) acres more or less."

The bill also alleges other facts, not here material, which show, or are designed to show, that the State of Alabama has the legal title to the five acres of land involved.

The bill then avers:

"Shortly after said property was acquired from the said J. Florence Woods, the County Board of Education of Sumter County, Alabama, erected a school building on it. Said property was used for school purposes until, to-wit, the year 1938, at which time said school was consolidated with the school at York, Alabama. Thereafter, the said County Board of Education of Sumter County, Alabama, did raze said school building and construct in its place a building for use by the citizens of said community for civic purposes, and said building was so used until, to-wit, the 15th day of June, 1950, when the said respondents did take possession of said property.

"That said building which is now located on said property was constructed by the County Board of Education of Sumter County, Alabama, in conjunction with one of the Federal Public Works Projects, with the distinct understanding that said building would be used as a public building for the benefit of the citizens of said community; that it has been so used by 4-H Clubs, Parent Teachers Association, Young People's religious organizations, as a voting place, a meeting place for the farmers of the community with various representatives of County, State and Federal agricultural organizations, the Farm Bureau, and for all other community projects. That on to-wit, the 15th day of June, 1950, the said respondents did take actual possession of said property and did padlock the said building located thereon, and since said time they have held the exclusive possession of said property. They have now partially remodeled the interior of said building and are using it as a retail mercantile store. Said building is not now available to the citizens of the community for the purpose for which it was constructed. The said respondents have no right to use said property as they are now using it. They have taken the exclusive posession of said property without the consent or permission of the complainant or any one else, and are now holding said property, claiming the same as against this complainant, and are denying the community the use of the property.

"The complainant avers that it has not at any time relinquished its right to, or control over said property; that it is the duly constituted authority which has custody of and control over said property and that these respondents have disregarded the rights of this complainant and have taken exclusive possession of said property. That these respondents keep said property locked when they are not actually in the building. They keep the keys so that neither this complainant nor the citizens of the said community has the use of said building, and they have declined to surrender possession of the property to this complainant.

"The complainant avers that the respondents are trespassing on said property; that their trespass is a continuous one; that the injury resulting from said trespass is irreparable; that the damages which have been and are now being sustained by this complainant and the citizens of Intercourse Com-

382

munity, cannot be determined from a monetary standpoint.

"The complainant and said citizens cannot be redressed by an action at law, the compensatory remedy for this complainant is inadequate, it is the desire of this complainant that said respondents vacate said property and that the citizens of said community be allowed the free and uninterrupted use of said property as before the said continuing trespass by these respondents."

 It is a well-established rule of equity pleading that a bill of complaint must show by clear and unambiguous averments the complainant's right, title, or interest in and to the subject matter of the suit. Seals v. Robinson, 75 Ala. 363; Lake v. Security Loan Ass'n, 72 Ala. 207; Bond v. McFarland, 217 Ala. 651, 117 So. 63; Tillman v. Calhoun Lumber Co., 245 Ala. 595, 18 So. 2d 561; Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115; Case v. Pfaffman, 253 Ala. 511, 45 So.2d 453.

True, in paragraph 5 of the bill of complaint it is averred that "The complainant avers that it is the duly constituted authority which has custody of and control over said property (meaning the five acres of land involved and the building located thereon)." This is not only a mere conclusion of the pleader, without supporting facts, but is inconsistent, without more, with the averments of ownership by the State of Alabama. In other words, the bill is lacking in clear and unambiguous averments of complainant's right, title or interest in and to the property involved in this suit. So, without considering whether, with proper allegations to meet this defect, the bill would otherwise contain equity, we conclude that the trial court erred in overruling the demurrer to the bill of complaint, and the decree of that court is reversed, and the cause is remanded.

Reversed and remanded.

BROWN, FOSTER and SIMPSON, JJ., concur.