66 So.2d 919

**EDWARDS v. EDWARDS et al.**

**5 Div. 559.**

Supreme Court of Alabama.

Aug. 6, 1953.

Frank Head, Columbiana, Lawrence F. Gerald, Jr., Clanton, for appellant.

Grady Reynolds and Reynolds & Reynolds, Clanton, for appellees.

LAWSON, Justice.

The appeal is from a final decree of the circuit court of Chilton County, in equity, ordering the sale of an 80-acre tract of land for division of the proceeds among the tenants in common.

We will not attempt to relate the history of the pleadings in detail. The original bill was filed October 2, 1935, and submission for final decree was not had until June 11, 1952. The decree appealed from was rendered July 25, 1952. Submission here was on May 26, 1953.

All of the parties to the suit are the heirs at law of Sarah Edwards, who died intestate in Chilton County on, to wit, December 8, 1923. The suit property was conveyed to Sarah Edwards by her husband, Isaac Edwards, on, to wit, April 17, 1897. Sarah and Isaac Edwards occupied the property as their home for many years and there raised ten children. Sarah Edwards was living on the property at the time of her death. Isaac Edwards died at the home of his daughter, Mrs. Barbara Edwards Langston, on, to wit, August 12, 1924.

On April 12, 1919, Sarah Edwards executed a deed, wherein she is referred to as Mrs. Sarah Edwards, purporting to convey the suit property to two unmarried daughters, Demie and Doshie (Docia). Isaac Edwards, the husband of Mrs. Sarah Edwards, did not join in this conveyance. This instrument was placed on record July 29, 1919.

The original bill was filed in October 1935 by two of the sons of Mrs. Sarah Edwards, namely, C. C. and Jim, against those alleged to be the only heirs at law of Mrs. Sarah Edwards, including Demie and Doshie, the grantees in the instrument of April 12, 1919. The theory upon which complainants rested their ownership of an undivided interest in the suit property as heirs of their mother is that the instrument of April 12, 1919, purporting to convey the property to their sisters, Demie and Doshie, is void because Isaac Edwards did not join therein as required by the terms and provisions of § 4494, Code of 1907, now § 73, Title 34, Code 1940.

As the bill was amended, other persons alleged to be heirs of Mrs. Sarah Edwards became parties and the parties complainant and respondent changed from time to time.

Jess Edwards, another son of Mrs. Sarah Edwards, was a respondent to the original bill. A decree pro confesso was taken against him. Thereafter the bill was amended and Jess Edwards became a party complainant. Later, on to wit, October 9, 1944, Jess Edwards secured a deed from his sister Doshie to forty acres of the land, Doshie and Demie having divided the 80-acre tract by deeds. Thus Jess Edwards stood in the shoes of his sister and he naturally desired to have the validity of the deed of April 12, 1919, upheld. On April 23, 1951, by agreement of the parties, the trial court entered a decree setting aside and vacating the decree pro confesso theretofore entered against Jess Edwards. The decree, after setting aside and vacating the decree pro confesso, further provided: " * * * and that upon the filing, on this date, of a full answer by said Jess Edwards that he may defend against the Bill of Complaint in this cause as last amended and revived." This decree entered by consent of the parties effectively removed Jess Edwards as a party complainant.

Demie Edwards, one of the grantees in the deed of April 12, 1919, married one Albert Whittaker. Demie died without issue. She left all of her property to her husband by will duly probated. Sam Edwards, another son of Mrs. Sarah Edwards, secured a deed from Albert Whittaker purporting to convey the forty acres which his wife Demie claimed.

Thus at time of submission for final decree, Jess Edwards and Sam Edwards claimed the suit property under their sisters, Doshie and Demie. Aligned with them was Doshie, who was still living, and apparently all of the other numerous heirs of Mrs. Sarah Edwards were aligned against them, although only two, C. C. Edwards and Mrs. Barbara Edwards Langston, testified.

Is the instrument executed by Mrs. Sarah Edwards on April 12, 1919, purporting to convey the suit property to her daughters, Doshie and Demie, a valid conveyance? If it is a valid conveyance the decree appealed from must be reversed. If it is void the decree must be affirmed.

As we have indicated above, the invalidity of that instrument is asserted on the

376

ground that Isaac Edwards did not join therein with his wife, Sarah Edwards.

Section 4494, Code 1907 (§ 73, Title 34, Code 1940), reads as follows:

"The wife, if the husband be of sound mind, and has not abandoned her, or be not a nonresident of the state, or be not imprisoned under a conviction for crime for a period of two years or more, cannot alienate or mortgage her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land. But if the husband be non compos mentis, or has abandoned the wife, or is a nonresident of the state, or is imprisoned under a conviction for crime for a period of two years or more, the wife may alienate or mortgage her lands as if she were sole."

Except where one or more of the exceptions noted in the statute exist, a deed is void which is executed by a wife without the assent and concurrence of her husband being manifested in the manner prescribed. Owens v. Lackey, 247 Ala. 537, 25 So.2d 423; Edwards v. Tabb, 242 Ala. 209, 5 So.2d 770; Bowden v. Turner, 247 Ala. 352, 24 So.2d 429; Martin v. Leavins, 251 Ala. 513, 38 So.2d 272; Morris v. Marshall, 185 Ala. 179, 64 So. 312.

It is without dispute that at the time the deed of April 1919 was executed by Sarah Edwards to two of her daughters, her husband, Isaac Edwards, was living. He did not give his concurrence or assent as prescribed by the statute.

The restriction of the statute is removed if the husband, Isaac Edwards, had abandoned his wife, Sarah, that is, he had left his wife with no intention to return. Newman v. Borden, 239 Ala. 387, 194 So. 836, 837. In the case last cited we observed: "Abandonment is made up of two elements, act and intention. It includes both the intention to abandon and the external act by which the intention is carried into effect." See Edwards v. Tabb, supra.

The evidence in this case as it bears on the claimed abandonment of Sarah Edwards by her husband, Isaac, is very unsatisfactory. It is true that they were not living together at the time of her death in December, 1923. But as to when he left the family home and began to live with some of his sons and daughters in the same neighborhood is not clear from the evidence.

We have examined the evidence in consultation with considerable care, and we are unwilling to say that it is sufficient to support a finding that on April 12, 1919, Isaac Edwards had left his wife, Sarah, with no intention to return.

We are in accord with the finding of the trial court to the effect that the deed of April 12, 1919, from Sarah Edwards to her daughters Doshie and Demie was inefficacious to convey title and that the suit property should be sold for division among the heirs at law of the said Sarah Edwards.

It is without dispute that the property cannot be equitably divided.

The decree of the trial court is affirmed. Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.