84 So.2d 780

**J. Florence WOODS**

v.

**COUNTY BOARD OF EDUCATION OF SUMTER COUNTY.**

**2 Div. 362.**

Supreme Court of Alabama.

Jan. 19, 1956.

Walter G. Woods, Tuscaloosa, for appellant.

Ira D. Pruitt, Livingston, for appellee.

LAWSON, Justice.

This bill was filed in the circuit court of Sumter County, in equity, by the County Board of Education of Sumter County, Alabama, against J. Florence Woods to recover possession of land in Sumter County and the building thereon, the restoration of the building to a like condition as when respondent took possession of it, and to restrain respondent from further occupancy of the property.

The respondent has appealed from a decree overruling his demurrer.

The rule is firmly established that on an appeal from a decree overruling a demurrer to a bill in equity we consider only those grounds of demurrer which are adequately argued in brief filed here on behalf of the appellant. Groover v. Darden, 259 Ala. 607, 68 So.2d 28. In brief filed here on behalf of appellant no mention is made of any specific ground of demurrer, but

after considering the "propositions of law" and the argument thereunder, we understand that appellant contends that grounds 8 and 11 of the demurrer, one or both, were well taken and should have been sustained. Those grounds read as follows:

"8. In that the allegations contained therein are but conclusions of the pleader without sufficient facts alleged therein to acquaint respondent of that for which he is to defend * * * 11. In that the allegations contained therein do not state any cause of action against this respondent."

 The present bill, unlike that under consideration in the case of Woods v. County Board of Education of Sumter County, 257 Ala. 380, 59 So.2d 662, avers that the appellee, the complainant below, has title, through the State of Alabama, to the following described tract of land:

"Begin at a point 807 feet North and fifty feet East of the Southwest corner of the Northwest Quarter (NW ¼) of (SW¼) Southwest Quarter of Section Twenty-three (23) Township 17, Range 3 West; thence East Five hundred and Twenty-four (524) feet to the west margin of old road;

thence South 2 degrees East, Four hundred Twenty (420) feet along the West edge of old road; thence West Five hundred and twenty-four feet (524) thence North 2 degrees West, Four hundred Twenty feet (420) to point of beginning, being in Northwest Quarter (NW¼) of South-west Quarter (SW¼) of Section twenty-three (23) Township Seventeen (17). Range Three (3) West, containing Five (5) acres, more or less."

We think it clear from the averments of the bill that it is this tract of land which the appellee contends is now in the possession of the appellant, together with the building situated thereon.

Any ambiguity or defect in the manner in which the appellee has attempted to show how the State acquired title to the above-described property would not make the bill subject to the grounds of demurrer with which we are here involved.

The grounds of demurrer which in effect take the point that appellee had an adequate remedy at law are not argued here and will not be considered.

It is well established that in some circumstances a court of equity has jurisdiction in matters of this kind where the remedy at law is inadequate. The appellee by averments sought to show the inadequacy of the remedy at law and since the grounds of demurrer challenging such averments are not argued we consider that the question of an adequate remedy at law has been waived. Newman v. Borden, 239 Ala. 387, 194 So. 836; Smith v. Roney, 182 Ala. 540, 62 So. 753.

There being no merit in the grounds of demurrer which we understand the appellant to have argued in brief filed here, we are constrained to affirm the decree of the trial court.

Affirmed.

LIVINGSTON, C. J., and STAKELY and GOODWYN, JJ., concur.