109 So.2d 842

**Ike TERRY**

v.

**TOWN OF HANCEVILLE.**

6 Div. 390.

Supreme Court of Alabama.

March 12, 1959.

R. L. Almon and Thos. C. Pettus, Moulton, for appellant.

St. John & St. John, Cullman, for appellee.

MERRILL, Justice.

Appeal from an interlocutory decree overruling demurrer to bill of complaint.

The complainant, Town of Hanceville, seeks a mandatory injunction requiring the respondent, Ike Terry, to remove a "canopy, awning or overhanging shelter" from the right-of-way of U. S. Highway No. 31 within the corporate limits of the Town of Hanceville; that U. S. Highway No. 31 is a public street and dedicated to the use of the public; and that the overhanging obstruction or structure is a public nuisance in the Town of Hanceville.

Appellant filed a demurrer assigning thirty-six grounds which was overruled and he appeals.

On an appeal from a decree overruling a demurrer to a bill in equity, we consider only those grounds of demurrer which are adequately argued in brief of appellant. Woods v. County Board of Education of Sumter County, 264 Ala. 81, 84 So.2d 780; Groover v. Darden, 259 Ala. 607, 68 So.2d 28. In brief filed here on behalf of appellant, no mention is made of any specific ground of demurrer, but after considering the "propositions of law" and the argument thereunder, we understand that appellant relies on grounds 1, 32 and 25, which are made the basis of assignments of error 2, 23 and 16, respectively. Other assignments of error raise the same legal questions, but a discussion of the three will suffice.

Assignment of error number 2 charges that the court erred in holding that the bill of complaint contained equity. Tit. 7, § 1085, Code 1940, authorizes municipalities to maintain a bill of equity in the name of the city to abate or enjoin any public nuisance injurious to the health, morals, comfort or welfare of the community, or any portion thereof. Express authority is also given to municipal corporations to abate public nuisances in Tit. 37, §§ 505–506, Code 1940. Duncan v. City of Tuscaloosa, 257 Ala. 574, 60 So.2d 438; National Southern Products Corporation

v. City of Tuscaloosa, 246 Ala. 316, 20 So. 2d 329.

We have also held that a municipal corporation may maintain a bill in equity to remove an obstruction from public streets. Duckworth v. Town of Robertsdale, 248 Ala. 432, 28 So.2d 182; Fuller v. Knight, 241 Ala. 257, 2 So.2d 605, 135 A.L.R. 760; McCraney v. City of Leeds, 239 Ala. 143, 194 So. 151.

A general demurrer to the bill for want of equity under Equity Rule 14, Code 1940, Tit. 7 Appendix "tests defects in substance, and all proper amendments are considered to have been made." Wood v. Burns, 222 Ala. 650, 133 So. 696, 697. Under the authorities cited, supra, the bill does contain equity.

■ Assignment of error 23 raises the point that the location of the canopy, awning or overhanging shelter is not sufficiently described with reference to property and street lines. Paragraphs 2 and 3 of the bill are as follows:

"That U. S. Highway No. 31, as included within the corporate limits of the Town of Hanceville, is a public street, in the Town of Hanceville; said street is dedicated to the use of the public.

"The said Ike Terry has erected, or is maintaining, a canopy, awning or overhanging shelter on the right-of-way of the said U. S. Highway No. 31 within the corporate limits of the Town of Hanceville, Alabama; said canopy, awning or overhanging shelter is located on the west side of the right of way of the said U. S. Highway No. 31 and is connected to the Blue and Gray Hotel, the property of the respondent."

These averments make it sufficiently clear as to what the respondent is called upon to defend and the actual extent of the encroachment in feet or inches is a matter of proof. There is no merit in this assignment of error.

■ Assignment of error 16 charges error in overruling ground 25, which reads:

"From aught that appears Cullman County, Alabama is the owner of the public road referred to in the bill as U. S. Highway No. 31 and the governing body of said county has not authorized the filing of this bill and is not made a party to this suit."

As already shown, paragraph 2 of the bill alleges that Highway No. 31 is a public street in the Town of Hanceville. The bill here does not seek a right-of-way but seeks the removal of an obstruction from the right-of-way already in existence. There is no question as to the Town's right to seek the removal of the obstruction. McCraney v. City of Leeds, supra.

The demurrer was correctly overruled.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.