228 So.2d 460

**Walter ANDERTON**

v.

**Carrie Lee TOMPKINS et al.**

**6 Div. 620.**

Supreme Court of Alabama.

Nov. 20, 1969.

Locke & Locke, Birmingham, for appellant.

Corretti, Newsom, Rogers & May, Birmingham, for appellees.

Truman Hobbs, Montgomery, for amici curiae, Alabama Council of American Institute of Architects and Consulting Engineers Council of Alabama; Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, of counsel, for amici curiae.

BLOODWORTH, Justice.

On original submission this case was assigned to another justice, and reassigned to the writer on October 17, 1969.

Appellant, an architect, appeals from a decree of the Jefferson County Circuit Court, In Equity, sustaining demurrers to, and dismissing, his bill of complaint.

The bill was filed for indebtedness due under a contract to draw plans for, and supervise construction of, alterations and additions to a nursing home for respondents, and to establish a mechanic's lien against the property and its improvements.

After demurrers were sustained to the original bill of complaint, the architect-complainant amended, as follows:

"7a. Complainant alleges that the plans and specifications prepared by the complainant have been shown to the State Department of Health, Bureau of Health Facilities Construction Division as plans for remodeling Tompkins Nursing Home and have been 'approved' as correcting the deficiencies of said home under the Statutes. *Complainant alleges that he supervised the work until supervision services were terminated by respondent or respondents' attorneys, Silberman & Silberman. Complainant alleges that actual construction has begun and the plans prepared by complainant and delivered to respondents are being used in the remodeling construction. Complainant actually supervised the clearing of the lot, actually drove the stakes to outline building and, and [sic] generally supervised until time of termination, which includes two structures, which are now being and were built according to plans of complainant.* Complainant alleges that the State of Alabama

continues to call complainant in regard to the construction of the building according to his plans. Complainant alleges that the nursing home is being remodeled, repaired and constructed according to the plans and specifications prepared by the complainant, and hence, the complainant is supervising said construction work." [Emphasis supplied]

The respondents suggest that the basic question posed by this appeal is: whether an architect who prepares and furnishes plans and specifications for construction of a building, actually used in such building, shall have a lien therefor, though he does not personally supervise the construction.

Respondents contend that the architect must personally supervise the erection of the improvement working his plans into the construction so that they actually become a part of the building. Complainant contends that personal supervision by the architect is not necessary if his plans are actually used by someone else to construct the building. The amicus curiae brief supports this contention.

Complainant also contends his amended bill is not demurrable since he alleges he supervised the construction until his services were terminated without just cause.

We find we need not answer the question posed as to whether an architect is entitled to a lien though he does not personally supervise the construction [1] since the amended bill alleges that he did supervise the work until his supervision services were terminated.

We consider those allegations which are set out in the amended bill (and for which we have supplied emphasis) to be sufficient against the grounds of demurrer stated. The grounds are: there is no equity in the bill; an adequate remedy at law; failure to allege any supervision over work or materials or erection of improvements; preparing

plans and specifications is not an improvement; and it affirmatively appears complainant did not furnish any work, materials, or perform services entitling him to lien. Although we hold the amended bill is not subject to these grounds of demurrer, we concede that the allegations of the amended bill could have been more clearly and aptly stated.

A demurrer on the ground there is no equity in the bill and that there is an adequate remedy at law are both merely general demurrers. Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100.

A "general demurrer tests only defects in substance and all proper amendments are considered to have been made." City of Clanton v. Johnson, 245 Ala. 470, 17 So.2d 669; Terry v. Town of Hanceville, 268 Ala. 664, 109 So.2d 842; Winston v. Winston, 276 Ala. 303, 161 So.2d 588; Courington v. Kilgore, 264 Ala. 23, 84 So.2d 646.

The specific grounds of demurrer were first filed to the original bill. The same demurrers were refiled to the amended bill. The amended bill does contain allegations of supervision which we consider to be sufficient against the grounds of demurrer stated, as we have already indicated.

Since the early case of Hughes v. Torgerson (1892), 96 Ala. 346, 11 So. 209, we have been firmly committed to the proposition that, " * * * An architect who prepares the drawings, plans, and specifications for a building, and superintends the erection thereof, may as truly be said to perform labor thereon as any one who takes part in the work of construction. That he is within the protection of the statute, is a proposition well supported by adjudications upon other similar statutes. * * *" 96 Ala. at 349, 11 So. at 209. We have consistently followed that decision. Wilkinson v. Rowe (1957), 266 Ala. 675, 98 So.2d 435. It seems to us that complainant's amended

---

1. For authorities on this question see annotation 60 A.L.R. 1257, and later cases in A.L.R. Blue Book of Supplemental Decisions Vols. 1–5; 57 C.J.S. Mechanics' Liens § 36.

bill brings him within the rule of Hughes v. Torgerson, supra.

The situation presented to us by the pleadings in this case is quite similar to that which faced the Court of Appeals of Maryland in Morris J. Liebergott & Assoc. v. Investment Bldg. Corp. (1968), 249 Md. 584, 241 A.2d 138. In that case, the trial court had rendered summary judgment against an engineer (seeking a mechanic's lien) who had prepared plans and specifications for a building, some of which were actually used in construction. The engineer's services were dispensed with after the work started. The trial court indicated in its opinion that the case was controlled by the Maryland case of Caton Ridge, Inc. v. Bonnett (1967), 245 Md. 268, 225 A.2d 853, which (like our case of Hughes v. Torgerson, supra) held an architect is entitled to a mechanic's lien who both prepares plans and specifications and supervises construction. The trial court concluded that an architect or engineer is not entitled to a lien unless he also supervises the construction of the building.

Chief Judge Hammond of the Maryland Court of Appeals (writing for that court) in reversing the trial court, held the case was not one for summary judgment since the engineer did allege he supervised some phases of the construction, according to the plans he prepared, until he was dismissed. Thus, the court held the issue of supervision was a factual one raised by the pleadings and the trial court was in error in granting summary judgment. The court added:

"Since the decision below on remand may turn entirely on whether Liebergott [the engineer] comes factually under *Caton Ridge,* we need not and do not decide whether a design engineer who under contract prepares plans for a building, which are used in the construction of the building, but who does not supervise or superintend construction is entitled to a mechanics' lien for unpaid services." 241 A.2d 141.

This is, in effect, what we say in this case.

Had complainant declined to amend his original bill after demurrer was sustained and to plead further, and had his bill then been dismissed, on this appeal we might be faced with the question posed. But, in the present state of the pleadings, as we view them, an answer to that inquiry would be dicta.

We also agree with complainant that he would be entitled to a personal judgment against respondents on final submission if found unentitled to a lien. Section 52, Title 33, Code of Alabama, 1940, as last amended; Morris v. Bessemer Lbr. Co., 217 Ala. 441, 116 So. 528; Lockhart v. O'Neal, 253 Ala. 254, 44 So.2d 17.

We hold the trial court was in error in sustaining demurrers to, and dismissing, the amended bill.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.